## SCHNEIDER *v.* THILL.

*(Circuit Court, E. D. New York.* June 16, 1880.)

1. PATENT—PRACTICE—REARGUMENT.

*C. H. Watson* and *George Gifford,* for plaintiff.
*E. H. Brown* and *J. J. Allen,* for defendant.

BENEDICT, D. J. This action was brought to establish the validity of a patent re-issued to the plaintiff as the assignee of Carl Volti, and numbered re-issue 7,511, and also of a patent issued to the plaintiff as assignee of Homer Broobe, on the twenty-ninth of May, 1877, and numbered 191,224. The cause proceeded regularly to a hearing upon pleadings and proofs, and, having been argued in behalf of the respective parties, is now before the court for its decision upon the merits. In this stage of the case the defendant applies for permission to take further proofs and to reargue the case.

While technically and legally the application is made by the defendant, and the defendant, to some extent, at least, has a substantial interest in the determination of the cause, it is plain to be seen that the reason why this application is made is not because of defendant's interest in the result, but because of the effect upon the interests of a third party in certain other patents, which such party has come to believe may be produced by a determination of this cause in favor of the plaintiff. This circumstance would be no reason for refusing the defendant's application, if it were matter of right; but this is an application for a favor, and is strongly opposed by the plaintiff. I confess that it is not easy to see how the plaintiff can desire to see the decision in this case to be made upon a part of the evidence material to the issue, inasmuch as the very fact that evidence affecting the issue was not before the court must deprive the decision of any value which it might otherwise have as a ground upon which to apply for preliminary injunction in other suits. Nor is it easy to see how any serious result to any person not a party to this suit can arise from a decision in this case, if the testimony now

claimed to have been omitted is calculated to affect the decision.

It is possible, therefore, that the parties in pressing and opposing this application are impelled by some motive not fully disclosed; but, however this may be, and undesirable as it is to be called on to decide a case of this character upon an imperfect exhibit of the facts, I do not think it can be proper to grant an application like the present, addressed to the favor of the court and strongly opposed, when the result will be to compel the plaintiff, after he has brought his case to a final hearing, and it has been submitted by both sides for decision, again to renew the contest upon additional testimony, and in substance with another party, in order that detriment to the interests of such third party, which it is anticipated may follow a decision in favor of the plaintiff, may be avoided.

Motion denied.